UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAMMY L. HENSON, an individual,<br><br>             Plaintiff,<br><br>  v.<br><br>FREEDOM LIFE INSURANCE COMPANY OF AMERICA; DOES 1-XXX; and ABC CORPORATIONS A-Z, inclusive,<br>             Defendants. | Case No. 3:21-cv-00235-LRH-CLB<br><br>ORDER |

  Before the Court is plaintiff Tammy L. Henson's motion to remand this case to the Second Judicial District Court of the State of Nevada (ECF No. 12). This motion was filed in response to the petition for removal (ECF No. 1) filed by defendant Freedom Life Insurance Company of America ("Freedom Life"). Freedom Life opposed Henson's motion (ECF No. 14) and Henson replied to the opposition (ECF No. 16). Because Freedom Life has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, the Court finds it does not have diversity jurisdiction over this case and grants Henson's motion to remand. Because the Court has no jurisdiction over the matter, Freedom Life's motion to dismiss (ECF No. 3) is denied as moot.

**I. BACKGROUND**

  This controversy stems from Freedom Life's denial of medical insurance claims submitted by Henson after she had cancers surgically removed from her leg and thyroid. ECF No. 1-3 at 7. Upon review of the claims, Freedom Life's outside medical consultants determined the cancers to be "pre-existing condition[s]," and not covered under Henson's insurance policies. *Id*. Henson's diagnosing physician wrote a letter stating he believes the cancers were not pre-existing. *Id*. at 8.

Henson claims that she was told multiple times by Freedom Life agents that her cancers would be covered under her insurance policies. *Id*. at 6, 8.

Henson's state court complaint alleges breach of insurance contract, breach of the duty of good faith and fair dealing, and statutory bad faith based on breach of Nevada's Unfair Trade Practices Act. *Id*. at 10–13. Henson's prayer for relief demands, "damages in excess of $15,000[.00] and in such amount as may be proved at trial,"; costs and attorneys' fees; special and consequential damages; prejudgment and post judgment interest; punitive damages; and "further relief as the Court deems just and appropriate." *Id*. at 13.

Freedom Life premises removal on diversity jurisdiction. ECF No. 1 at 1–2. Specifically, Freedom Life alleges complete diversity of parties and an amount in controversy exceeding $75,000.00. *Id*. The removal petition provides an "Amount in Controversy Declaration," (the "AIC declaration") in which a Freedom Life agent declared, "the unpaid medical bills submitted to Freedom Life by or on behalf of Plaintiff exceed $75,000.00." ECF No. 1-2 at 2. In her motion to remand, Henson argues that Freedom Life has failed to prove "<u>by a preponderance of the evidence</u>, that the 'amount in controversy' exceeds $75,000[.00]." ECF No. 12 at 2 (emphasis is original).

If a district court discovers it lacks original jurisdiction over a removed claim it must remand the case to state court. *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1116 (9th Cir. 2004) ("We are obligated to consider sua sponte whether we have subject matter jurisdiction.").

**II.   DISCUSSION**

The Court finds that it does not have diversity jurisdiction because, although the parties are completely diverse, Freedom Life has not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. A defendant may remove any civil action from state court to the federal district court "embracing" the place where the action is pending if that district court has original jurisdiction. 28 U.S.C. § 1441(a). A federal district court has original jurisdiction where (1) the action is between citizens of different states, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Here,

Henson does not contest diversity of citizenship and it is clear to the Court that complete diversity exists between the parties.[1]

To determine if the amount in controversy requirement is met, the Court first considers what is "facially apparent" from the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). In doing so, the Court simply reads the complaint to determine the amount in controversy. *Id.* at 375. In Nevada state courts, where demanded damages exceed $15,000.00, the pleader must request damages "in excess of $15,000.00," without further specification of the amount. NEV. R. CIV. P. 8(a)(4).

Henson's state court complaint demands damages "in excess of $15,000[.00]," attorneys' fees, costs, special and consequential damages, prejudgment and post judgment interest, punitive damages, and "further relief as the Court deems just and appropriate." ECF No. 1-3 at 13. It is clear to the Court, and both parties agree, that the total amount of damages "facially apparent" from Henson's complaint is unclear.

When the amount of damages is unclear from plaintiff's state court complaint, the defendant has the burden of proving "by a preponderance of the evidence," that the required amount in controversy is met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Furthermore, when the defendant's "assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 88 (2014). "Evidence establishing the amount is required by [28 U.S.C.A.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 89.

Here, the burden to demonstrate that the amount in controversy is greater than $75,000.00, rests with Freedom Life and the Court decides whether that burden has been satisfied. Further, and because Henson has challenged removal, Freedom Life must provide evidence establishing, by a

---

[1] "Henson is a Nevada resident." ECF No. 12 at 2. "Defendant is a Texas corporation with its principal place of business in Fort Worth, Texas." ECF No. 1 at 2.

preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum.

To satisfy this burden, the defendant "must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum." *Muniz v. Pilot Travel Centers LLC*, Case No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Ninth Circuit courts "may consider facts in the removal petition" to determine whether the defendant has established the requisite amount in controversy. *Singer*, 116 F.3d at 377. However, the defendant's assertion that the amount in controversy exceeds the jurisdictional minimum cannot be supported by conclusory allegations. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). In *Valdez*, the Ninth Circuit found that one supporting statement offered by an insurer in its removal petition was not sufficient to show by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. 372 F.3d at 1117 (rejecting the insurer's claim that "upon information and belief, [it] submit[s] that the amount in controversy . . . exceeds $75,000.00."). The *Valdez* Court concluded that a statement based solely on the defendant's "'[i]nformation and belief' hardly constitutes proof by a preponderance of the evidence." *Id*. "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090.

The Court finds Freedom Life has not provided sufficient facts to demonstrate by a preponderance of the evidence that more than $75,000.00 is at controversy here. Its only attempt, like the defendant in *Valdez*, is a single conclusory statement that "the unpaid medical bills submitted to Freedom Life by or on behalf of Plaintiff exceed $75,000.00." One bare allegation does not satisfy the by a preponderance of evidence standard. The Court acknowledges the burden is not a heavy one, but Freedom Life cannot overcome it with a handful of conclusory words. And while the Court may consider medical bills in an amount in controversy determination, no such bills were provided by Freedom Life. Because removal has been challenged, Freedom Life must provide more evidentiary support than the single sentence it has offered. Further, the lack of

supporting evidence provided by Freedom Life casts doubt over its amount in controversy argument and where there is doubt, the Court should remand.

In its opposition, Freedom Life alternatively argues that because Henson has demanded extra-contractual damages, punitive damages, and attorneys' fees, "[a]ll of these amounts are included in the amount in controversy." ECF No. 14 at 4. In response, Henson claims that the Court should not consider the alternative argument because it was not made in the removal petition. ECF No. 16 at 4–7. When first filing for removal, the defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. Further, that amount in controversy allegation "should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 87. However, when removal is challenged, the non-moving party must provide "[e]vidence establishing the amount," in controversy. *Id.* at 89. Henson's argument is in direct conflict with the Supreme Court's ruling in *Dart Cherokee* because Freedom Life's burden to provide evidence establishing the amount was only triggered when Henson challenged removal. Freedom Life had no burden to provide more than a "plausible" allegation as to the amount in controversy until after Henson filed the motion to remand. Therefore, restricting Freedom Life's evidence-providing-window to a filing before it even acquired the burden makes no sense. The Court finds it may consider any arguments Freedom Life made in its opposition.

Here, the Court has considered the extra-contractual damages, punitive damages, and attorneys' fees argument raised in Freedom Life's opposition. However, even after considering this argument, the Court finds Freedom Life has still failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

First, Freedom Life's extra-contractual and punitive damages argument fails. "[I]t is not enough to tell the Court that [p]laintiffs seek punitive damages, [the] [d]efendant must come forward with evidence showing the likely award if [p]laintiffs were to succeed in obtaining punitive damages." *Mitchell v. Allstate Fire & Cas. Ins. Co.*, Case No. 3:19-cv-00160-MMD-CBC, 2019 WL 1916192, at *3 (D. Nev. Apr. 30, 2019) (cleaned up). "[T]he Court cannot consider awards issued in other actions unless [d]efendant points to specific commonalities which raise an

inference that a similar award is possible in the instant case." *Wolf v. State Farm Mut. Auto. Ins. Co.*, Case No. 2:14-cv-00589-GMN, 2014 WL 6882937, at *3 (D. Nev. Dec. 4, 2014).

Here, Freedom Life makes no attempt to determine "the likely award" should Henson receive such damages. Regarding the cases Freedom Life cited in support of its argument, Freedom Life fails to point to specific commonalities that would suggest a similar punitive damages award is likely here. Freedom Life cannot rely on the fact that Henson demanded punitive damages in her complaint or the cited insurance cases to support its argument t hat this Court should include extra-contractual and punitive damages in its amount in controversy determination.

Second, Freedom Life's attorneys' fees argument fails. Attorneys' fees may be considered in an amount in controversy calculation "if a statute authorizes fees to a successful litigant." *Pereza v. Progressive Direct Ins. Co.*, Case No. 2:15-CV-77 JCM (VCF), 2015 WL 1549270, at *4 (D. Nev. Apr. 8, 2015) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)). For a court to include attorneys' fees, "the removing party must (1) identify an applicable statute which could authorize an award of attorneys' fees and (2) provide an estimate as to the time the case will require and opposing counsel's hourly billing rate." *Hannon v. State Farm Mut. Auto. Ins. Co.*, Case No. 2:14-cv-1623-GMN-NJK, 2014 WL 7146659, at *2 (D. Nev. Dec. 12, 2014). The defendant "must do more than merely point to [p]laintiffs' request for attorney's fees; upon removal it must demonstrate the probable amount of attorney's fees in this case." *Wilson v. Union Sec. Life Ins. Co.*, 250 F. Supp. 2d 1260, 1264 (D. Idaho 2003).

While Freedom Life correctly asserts that attorneys' fees may be included in a determination of the amount in controversy, it never supports the assertion with an authorizing statute or a probable calculation of Henson's attorneys' fees. Rather, Freedom Life simply relies on the fact that Henson has demanded attorneys' fees to support its argument that they should be included.

Therefore, the Court finds that neither Freedom Life's AIC declaration nor its combined damages argument demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Freedom Life has failed to overcome its burden and the Court grants Henson's

motion to remand. Further, because the Court has no jurisdiction over the matter, Freedom Life's motion to dismiss is denied as moot.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Henson's motion to remand (ECF No. 12) is **GRANTED.** The Clerk of Court shall REMAND this action, 3:21-cv-00235-LRH-CLB, to the Second Judicial District for the State of Nevada.

IT IS FURTHER ORDERED that Freedom Life's motion to dismiss (ECF No. 3) is DENIED as moot.

IT IS SO ORDERED.

DATED this 29th day of July, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE